IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TYRONE BLOCKER, | ) | |
| Reg. No. 17221-171, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-188-ECM-KFP |
| | ) | [WO] |
| WALTER WOODS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff filed this pro se *Bivens* action on March 19, 2018.[1] The Court's Order of Procedure issued on May 17, 2018, directed Plaintiff to "immediately inform the court and Defendants or Defendants' counsel of record of any change in his address." Doc. 17 at 4. The Order warned Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id.*

The Court recently ascertained that Plaintiff is no longer at the last address for service he provided.[2] Accordingly, the Court entered an Order on January 28, 2021, requiring that by February 9, 2021, Plaintiff provide the Court with a current address or show cause why this case should not be dismissed for failure to adequately prosecute this

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).
[2] The last address Plaintiff provided to the Court is the Bennettsville Federal Correctional Institution in Bennettsville, South Carolina. Mail sent to Plaintiff at that address in April 2019 was returned as undeliverable. A search of the inmate database maintained by the Bureau of Prisons indicates that Plaintiff is no longer incarcerated by the Bureau of Prisons.

action. Doc. 40. The Order specifically advised Plaintiff that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in dismissal of this case. *Id*. Plaintiff has filed no response, and the time for doing so has expired. Therefore, the Court concludes this case should be dismissed.

The Court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the Court finds dismissal is the proper course of action. First, the administration of this case cannot properly proceed in Plaintiff's absence. Next, it appears Plaintiff is no longer interested in the prosecution of this case, as he failed to comply with the Court's Order to provide a current address. Finally, under the circumstances of this case, the Court finds that any additional effort to secure Plaintiff's compliance would be unavailing and a waste of the Court's scarce judicial resources. Consequently, the undersigned concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (observing that a "district court possesses the inherent power

to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and comply with the Court's orders.

It is further ORDERED that on or before **March 4, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of February, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE